UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CASE NO: 4:06CR-045-M

UNITED STATES OF AMERICA                                                                  PLAINTIFF

V.

CARL LYNN DAUGHERTY                                                                       DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant to suppress all evidence obtained from the Defendant's residence as a result of the search made pursuant to a warrant issued on September 18, 2006. Fully briefed, this matter stands ripe for decision. For the following reasons, Defendant's motion to suppress is **DENIED**.

### I. Statement of Facts

On September 18, 2006, a Daviess County district court judge issued a search warrant for Defendant's residence. The search warrant was based on the following affidavit written by Trooper Zach Jones of the Kentucky State Police:

> On 9/18/06, at approximately 5:10 a.m., Affiant states on 9/18/06 at approx 12:45 a.m. he made a traffic stop on a vehicle driven by Donna L. Roberts for reckless driving which upon investigation, Donna L. Roberts was arrested for DUI and a search incident to arrest revealed crystal methamphetamine and drug paraphernalia under the driver's seat of the vehicle. Affiant states upon questioning Donna L. Roberts after her arrest and after being read her Miranda Rights, she told Affiant that she had just purchased the crystal methamphetamine from Carl Daugherty of 2028 W. Fourth St. approx. 30 minutes before being pulled over.
>
> Acting on the information received, Affiant conducted the following independent investigation: Affiant states he has verified Carl Daugherty resides at 2028 W. Fourth Street, Owensboro, Daviess County, Ky. Affiant states Donna L. Roberts told him she bought 1/16 oz of crystal methamphetamine from Daugherty prior to her arrest for $150 and has bought crystal methamphetamine at least 10 times in the past and has bought powder cocaine from Daugherty in the past and that Daugherty has always had drug product on hand. Affiant states Donna Roberts told

> him that she goes to his back door to purchase the crystal methamphetamine/powder cocaine and the exchange always occurs at his back door, thus she has not been inside the residence. Affiant states Roberts told him there are surveillance cameras at the back door of the residence and other drug customers of Daugherty has [sic] told her he has weapons in the residence, thus this search warrant shall be a "No Knock" search warrant for police safety and to prevent the destruction of evidence.

After obtaining the search warrant, officers proceeded to the Defendant's home and found money, drug ledgers, methamphetamine, marijuana, alleged drug paraphernalia, and three shotguns. Mr. Daugherty was then taken into custody.

## II. Discussion

The Defendant claims that the affidavit was insufficient and that, therefore, the search warrant was issued without probable cause and the evidence obtained as a result of the search warrant must be suppressed. The Defendant further claims that the warrant was based on a "bare bones" affidavit.

The Fourth Amendment states that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation..." U.S. Const. Amend IV. "The test for probable cause is simply whether there is a fair probability that contraband or evidence of a crime will be found in a particular place." United States v. Murphy, 241 F.3d 447, 457 (6th Cir. 2001). The Supreme Court has adopted a "totality of the circumstances" approach to determine whether probable cause exists. Illinois v. Gates, 462 U.S. 213, 238 (1983). This approach requires the issuing judge to "make a practical, common sense decision...given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information." Murphy, 241 F.3d at 457 (quoting Gates, 462 U.S. at 238). And while veracity, reliability, and basis of knowledge are highly relevant in determining the value of an informant's report, these elements are

not separate and independent requirements that are to be inflexibly exacted in every case. Gates, 462 U.S. at 230.  Rather, "a deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability." Id. at 233.

Further, it is not necessary that the evidence establishing probable cause reflect the direct personal observations of a law enforcement official. United States v. Williams, 224 F.3d 530, 532 (6th Cir. 2000).  In fact, the evidence may be based upon an informant's tip, so long as the issuing judge is reasonably assured that the confidential information was credible and the information was reliable. Id.

Finally, an issuing judge's findings of probable cause should be given great deference by the reviewing court and should not be reversed unless arbitrarily exercised. United States v. Pelham, 801 F.2d 875, 877 (6th Cir. 1986).  The traditional standard for reviewing an issuing judge's finding of probable cause "has been that so long as the magistrate had 'substantial basis for...concluding' that a search would uncover evidence of wrongdoing, the Fourth Amendment requires no more." Id. (quoting Gates, 462 U.S. at 236).

The facts in this case are very similar to the facts in both Pelham, 801 F.2d 875, and United States v. Miller, 314 F.3d 265 (6th Cir. 2002).  In Pelham, the police informant was arrested after police found six pounds of marijuana in the informant's truck.  After being questioned, the informant told police that he had obtained the marijuana from Pelham at Pelham's home. The informant told the police Pelham's home address and visually identified Pelham's home when he drove by it with police.  Based on an affidavit containing the informant's name and the information he relayed, a magistrate issued a search warrant for Pelham's home. Pelham claimed the search warrant was not

3

supported by probable cause. However, the Sixth Circuit held that the warrant was supported by probable cause since the affidavit was based on the statements of a named informant, who had seen Pelham storing and selling marijuana within twenty-four hours of talking to the police. The court concluded that "there could hardly be more substantial evidence of the existence of the material sought and its relevance to a crime than [the informant]'s direct viewing of [evidence] in [Defendant]'s house. When a witness has seen evidence in a specific location in the immediate past and is willing to be named in the affidavit, the 'totality of the circumstances' presents a 'substantial basis' for search of that evidence." 801 F.2d at 878.

Similarly, in Miller, an informant called police after the Defendant had taken the informant on two tours of his mobile home, showing the informant his indoor marijuana grow operation. After taking the police on a visual drive-by of the home, the police prepared an affidavit and obtained a search warrant for the Defendant's home. The Defendant challenged the warrant's validity, claiming that the affidavit was insufficient to establish probable cause since it failed to establish any basis as to the reliability or veracity of the informant. 314 F.3d at 269. Relying on Pelham, the Sixth Circuit held that the search warrant was supported by probable cause since 1) the informant was known, and even named in the affidavit, and therefore could be could be prosecuted if the information he provided to police was fabricated; and 2) because the informant had been in the Defendant's home within twenty-four hours of the issuance of the search warrant and had explained in detail how he obtained his information. Id. at 270-271. The Court concluded that these facts provided sufficient indicia of the informant's veracity and reliability to support a finding of probable cause.

Here, the Court also concludes that the search warrant was supported by probable cause. In each of these cases, the evidence for probable cause is based almost solely on an informant's tip,

with little or no independent police corroboration. However, like the informants in Pelham and Miller, the informant here was not anonymous, or even confidential, but was named in the affidavit. Further, she claimed she had been to the Defendant's home within twenty-four hours of the warrant's issuance to purchase $150 worth of crystal methamphetamine. She also stated that she regularly purchased drugs from the Defendant and she described in detail the manner in which the drug sales occurred. Accordingly, the affidavit provided the issuing judge a "substantial basis" for concluding that a search of Defendant's home would uncover evidence of wrongdoing.

### III. Conclusion

For the foregoing reasons, the Defendant's motion to suppress is **DENIED**.

cc: Counsel of Record